**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO. 06-** |
| **v.** | * | **USAO NO. 01R00243** |
| | * | |
| **GULF SERVICES CONTRACTING, INC.** | * | **VIOLATION:** |
| | * | **18 USC § 1031** |
| | * | |
| | * | |

**PLEA AGREEMENT**

The defendant, **GULF SERVICES CONTRACTING, INC.**(herein after **GULF SERVICES**), represented by its counsel, and the United States of America have reached a Plea Agreement in this case, pursuant to Rule 11 (c)(1)(B) of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

**RIGHTS OF THE DEFENDANT**

1. The defendant understands its rights as follows:

   a. To be represented by an attorney;

   b. To plead not guilty;

   c. To have a trial by an impartial jury;

   d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in its defense;

**WAIVER OF RIGHTS AND PLEA OF GUILTY**

2. The defendant will waive the right to indictment and waives rights b through d, listed above, and pleads guilty to Count 1 of the Information, charging a violation of Major Fraud Against the United States, Title 18, United States Code, Section 1031 in that the defendant,

**GULF SERVICES,** submitted certified payroll records and recordation packages to the United States Government knowing they, then and there contained false and fraudulent information about the employees working on the particular job for **GULF SERVICES** and falses and fraudulent information about the training and certification of employees working on the particular jobs for **GULF SERVICES.'**

The defendant understands that the statements it makes, through its counsel and authorized representatives, under oath in the plea of guilty must be completely truthful and that it can be prosecuted for making false statements or perjury for any false statements it makes intentionally in this plea of guilty.

3. The defendant expects the Court to rely upon its statements here and its response to any questions that it may be asked during the guilty plea hearing.

4. The defendant's authorized representative is not under the influence of alcohol, drugs, or narcotics. Said Representative is certain that he is in full possession of his senses and mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow. The authorized representative is acting with approval of the Board of Directors.

5. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. It has discussed the facts of the case with its attorney, and its attorney has explained to the defendant the essential legal elements of the criminal charge(s) which have been brought against it. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence against the defendant. The authorized representative of the defendant company is entering a plea of guilty on behalf of the company.

The defendant understands that the United States has the burden of proving each of the

legal elements of the criminal charge(s) beyond a reasonable doubt. The defendant and its counsel have discussed possible defenses to the charge(s). The defendant believes that its attorney has represented it faithfully, skillfully, and diligently, and it is completely satisfied with the legal advice of its attorney.

6. A separate document, entitled Factual Resume, is being submitted to the Court with this plea agreement as evidence for use at the guilty plea hearing. A copy of the Factual Resume is attached to this Plea Agreement and is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct.

7. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations apart from those set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court may impose. The defendant avers that it is pleading guilty because it knows that it is guilty.

**PENALTY**

8. The maximum penalty the Court could impose as to Count One of the Indictment is:

a. 5 years probation;

b. A fine not to exceed $10,000,000.00;

c. A mandatory special assessment of $400.00; and

d. Such restitution as may be ordered by the Court.

**SENTENCING**

9. The Court will impose the sentence in this case. The United States Sentencing Guidelines Chapter 8 apply in an advisory manner to this case. The defendant has reviewed the application of the Guidelines with its attorney and understands that no one can predict with

certainty what the actual sentence will be in this case. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines or the recommendations set forth in this Plea Agreement. The defendant understands that it will not be allowed to withdraw its guilty plea if the actual sentence is higher or more harsh than expected and, if the Court departs from the recommendations in this Plea Agreement.

10. The defendant agrees to waive the preparation of the pre-sentence report. The United States and the defendant may provide all relevant sentencing information to the Probation Office and the District Court for purposes of the change of plea hearing and sentencing. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

11. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, and fully understands that the actual sentence imposed, is solely the discretion of the Court.

12. The United States and the defendant agree to recommend that the following sentence be imposed by the district court:

a. a fine of $96,450.74;

b. a five (5) year term of probation, and

Both the defendant and the United States are free to allocute fully at the time of sentencing.

13. The defendant agrees to tender $400.00 to the U.S. District Court Clerk in satisfaction of the mandatory Special Assessment in this case required by 18 U.S.C. § 3013 (a)(2)(B). The United States reserves the right to withdraw any favorable recommendations it

may agree to within this document if the defendant fails to pay the Special Assessment prior to or at the time of his/her sentencing.

**RESTITUTION**

14. The United States represent that it is unaware of any claim for restitution at this time.

**UNITED STATES' OBLIGATIONS**

15. The United States will not bring any additional charges against the defendant related to the facts underlying investigation of this matter and covered by the Information filed herein. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

16. The United States agrees that it will recommend to the Court that the defendant be sentenced in accordance with the terms of this plea agreement.

19. The United States and the defendant agree that any breach of this agreement by the defendant, if determined by the district court, including but not limited to committing a new offense, intentionally withholding information, giving false information, committing perjury would:

(1) permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters underlying the Indictment; and

(2) permit the United States to instigate and proceed with the prosecution on any other charges arising from a breach of this agreement. The United States will not be limited, in any respect, in the use it may make against the defendant of any information provided by the defendant during the investigation of this matter.

20. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, false statement, and obstruction of justice. The defendant acknowledges and agrees that the information and documents that it discloses to the United States pursuant to this agreement may be used against it in any such prosecution.

21. The United States and the defendant agree that the defendant will cooperate fully with the United States even after it is sentenced in the instant matter. Its failure to continue its cooperation, if so determined by the district court, will constitute a breach of this agreement, and the defendant agrees that under such conditions, the United States will be free to reinstate and prosecute the charges arising out of the investigation and covered by the Information filed in this matter. Under these circumstances, the defendant expressly waives any rights it may have under the statute of limitations and the speedy trial provisions.

**LIMITED WAIVER OF RIGHT TO APPEAL SENTENCE**

22. The defendant acknowledges that it is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. In exchange for the recommendations made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence imposed in this case.

23. With the limited exceptions noted below, the defendant also waives its right to challenge any sentence so imposed, or the manner in which it was determined, in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255.

24. The defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:

a. Any punishment imposed in excess of the statutory maximum or

b. A claim of ineffective assistance of counsel.

**WAIVER OF CLAIMS UNDER TITLE 18 UNITED STATES CODE § 3006 A**

25. The defendant, **GULF SERVICES** agrees to waive any claim under 18 U.S.C. § 3006 A for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.

**VIOLATION OF AGREEMENT**

26. The defendant understands that if it violates any provision of this agreement, if so determined by the Untied States District Court, the United States will be free from any obligations imposed by this agreement and will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that it might have under the 6th Amendment and/or Speedy Trial Act.

**ENTIRETY OF AGREEMENT**

27. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,
DEBORAH J. RHODES
UNITED STATES ATTORNEY

Date: 8-1-06

[signature]
MICHAEL D. ANDERSON
Assistant United States Attorney
Southern District of Alabama

I have consulted with my counsel and fully understand all my rights with respect to the offense(s) charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 7/27/06

PRES GULF SERVICES INC

GULF SERVICES CONTRACTING, INC.
Defendant

I am the attorney for the defendant. I have fully explained his/her rights to him/her with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him/her. To my knowledge, his/her decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his/her decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 7/27/06

GREG HUGHES, Esquire
ATTORNEY FOR GULF SERVICES